# BERNABE SABALIER

*v.*

# THE AMERICAN RAILROAD COMPANY OF PORTO RICO.

San Juan, Law, No. 665.

1. **Where a railroad** company having the power of eminent domain takes possession of a piece of ground for its right of way, with the knowledge or consent of the owner, the subsequent vendees of the land take it subject to the burden of the railroad, and to the right to payment from the railroad if it entered under an agreement, or to damages if the entry was unauthorized.

2. If the owner of land, knowing that a railroad company has taken possession of it without complying with expropriation or other laws, remains inactive and permits the railroad to expend large sums of money in and about the work on it, he is estopped thereafter from maintaining trespass or ejectment, and is relegated to a suit for damages only. Roberts v. Northern P. R. Co. 158 U. S. 1, 39 L. ed. 873, 15 Sup. Ct. Rep. 756, followed.

3. Where a railroad company takes possession of a plaintiff's land for its right of way with the latter's knowledge or consent, and such owner of the land continues making demands for the value against the railroad company year after year, and the railroad company does not do anything to expropriate the land and change the registry title, and does not actually repudiate the owner's claim for the value of the land, the claim is not barred by the statute of limitations.

Opinion of the COURT on the merits:

This cause was filed by the plaintiff in an insular court, and came here by removal on the application of the defendant. It came on for trial on December 3d, 1909, but the parties stipulated in writing that the same should be tried before the court without the intervention of a jury, the judge to pass upon all questions of fact as well as of law.

The action is a plain suit in ejectment, coupled with a claim for damages in the sum of $1,140 for the wrongful detention of the land.

On the day in question the court heard all of the evidence that was submitted orally, and received all the exhibits presented, but did not then decide the matter, owing to pressure of other court matters. To-day the stenographer has read all of the evidence to us from his notes, and we have examined the exhibits and the briefs of the respective counsel that were filed in the meantime, and being so informed we can state the facts to be as follows:

The suit is for a little strip of land composing the right of way of the defendant railroad company, where its road runs through plaintiff's land east of the city of San Juan, near Martin Peña, on this island. The strip of land is 7 or 8 meters wide, and 290 meters long, and contains, according to the evidence, about 2,358.27 square meters, or as an engineer witness said, about 6/10 of a cuerda. The owner of it, Bernabe Sabalier, is an old negro man who inherited it from his mother. He and his mother were living on it about nineteen years ago, when the defendant's predecessor in interest was making its preliminary survey for its line.

Sabalier v. American R. Co.

We gather from all the testimony that the railroad company took possession of this land with the full knowledge and consent of the plaintiff's mother and himself, and have kept it ever since. A few years after defendant took possession the road was completed, and has been running over said right of way ever since. After his mother's death this old man secured a "dominio title" from one of the local courts to this piece of land as a part of the remainder of his tract, which he had title to, anyway, as heir of his mother. The evidence unquestionably shows that he has pestered the defendant's managers for years trying to get some settlement for this little piece of land, but without avail. Uncontradicted evidence in the case shows that at the time this land was taken by the railroad company it was worth between $20 and $50 per cuerda, most of the similar adjoining land for the right of way having been bought for $20 per cuerda. It appears that expropriation proceedings were not carried out as to this particular piece of land, because there was no registered title therefor, or for some such reason.

In addition to asking for damages, plaintiff also asks that the defendant be ejected from the land. Counsel for plaintiff cites us to a lot of law regarding easements, statutes of limitations, etc., most of which is wholly inapplicable.

It may, we think, now be set down as a fundamental rule of law that, where a railroad company having the power of eminent domain takes possession of a piece of ground for its right of way, with the knowledge or consent of the owner, the subsequent vendees of the land take it subject to the burden of the railroad, and to the right to payment from the railroad if it entered under an agreement, or to damages if the entry was unauthorized, and it is, we think, equally fundamental and well

Sabalier v. American R. Co.

settled that if a landowner, knowing that a railroad company has taken possession of his land without complying with expropriation or other laws, remains inactive, and permits it to expend large sums of money in the work, he is estopped thereafter from maintaining trespass or ejectment, and is restricted to a suit for damages only.   See Roberts v. Northern P. R. Co. 158 U. S. 1, 39 L. ed. 873, 15 Sup. Ct. Rep. 756; also the rule laid down in New York v. Pine, 185 U. S. 93, 46 L. ed 820, 22 Sup. Ct. Rep. 592, is instructive in this regard.

We, therefore, in this case, feel constrained to hold that plaintiff has no right to recover the land, but that he has not waived his right to claim damages, and has kept his claim alive against all statutes of limitations by his persistent and continuous demand for it, and defendant's agreements from time to time to pay for it.

We are of opinion that, at most, the little piece of land he is suing for was not worth to exceed $40 at the time it was taken, and we will allow him $60 for interest and damages.   And therefore, will and do find for him, and assess his whole damages at the sum of $100 together with the costs of the suit, but we will attach the condition to the judgment that if the railroad company prepares a deed for the piece of land in question, the plaintiff must, if requested, execute it before he will be entitled to execution, or before the railroad company shall be obliged to pay him.   Let judgment be entered accordingly.